UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    Criminal Case No. 21-20400

v.

                                     Hon. Nancy G. Edmunds

AUSTIN MURRAY,

      Defendant.

_____/

### ORDER GRANTING THE GOVERNMENT'S MOTION [41] AND ADVISING DEFENDANT OF ATTORNEY-CLIENT PRIVILEGE WAIVER

On March 1, 2023, Defendant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 37.) In his motion, Defendant brings an ineffective assistance of counsel claim, alleging in part that counsel was ineffective because she lied to him about the result of his case and coerced him into pleading guilty. The Court initially ordered a response from the government by April 14, 2023. (ECF No. 39.) The government now moves for an order finding a waiver of attorney-client privilege, directing trial counsel to provide information, and for an extension of time to respond to Defendant's motion. (ECF No. 41.) The government's motion was filed on March 28, 2023, and Defendant has not responded to that motion.

The attorney/client privilege "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *see also Mason v. Mitchell*, 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003) ("a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation") (citations omitted). The privilege is waived when a defendant's pleading "places at issue the subject

matter of a privileged communication in such a way that the party holding the privilege will be forced to draw upon the privileged material at trial in order to prevail." *Lott*, 424 F.3d at 453 (internal quotation marks and citation omitted).

Based on his allegations, Defendant has implicitly waived the attorney/client privilege with respect to the communications between himself and his attorney related to the subject matter set forth in the § 2255 petition. Consequently, the Court is permitted to narrowly waive the attorney/client privilege so that the government can conduct an interview of defense counsel and obtain any necessary information.

For the foregoing reasons, the government's motion is GRANTED. **Unless Defendant withdraws his ineffective assistance of counsel claim within thirty days of the date of this order**, the Court will consider Defendant to have waived the attorney-client privilege between himself and his defense counsel to the extent necessary to litigate the claim raised in his motion, and Attorney Nancy McGunn will be required to provide all documents and communications related to Defendant's claim, including testimony if necessary. The government's response to Defendant's motion to vacate is due on July 14, 2023. Defendant's reply, if any, is due on July 28, 2023.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: April 24, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager