UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN MURRAY,

    Defendant.

Case No. 21-20400

Hon. Nancy G. Edmunds

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [46]**

Defendant Austin Murray, pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 37.) In his motion, Defendant brings an ineffective assistance of counsel claim, alleging in part that his counsel was ineffective because she lied to him about the result of his case and coerced him into pleading guilty. On April 24, 2023, the Court granted the government's motion for an extension of time to file a response and found a limited waiver of the attorney-client privilege as follows:

> **Unless Defendant withdraws his ineffective assistance of counsel claim within thirty days of the date of this order**, the Court will consider Defendant to have waived the attorney-client privilege between himself and his defense counsel to the extent necessary to litigate the claim raised in his motion, and Attorney Nancy McGunn will be required to provide all documents and communications related to Defendant's claim, including testimony if necessary.

(ECF No. 43, PageID.269 (emphasis in original).) Before the Court is Defendant's motion for reconsideration of that order. (ECF No. 46.) The government opposes Defendant's motion. (ECF No. 47.) Defendant has filed a reply.[1] (ECF No. 49.)

---

[1] The Court granted Defendant extensions of time to file both the motion for reconsideration and the reply in support of the motion.

Defendant does not indicate in any of his filings that he wishes to withdraw his ineffective assistance of counsel claim. And he does not set forth any reason for why his ineffective assistance of counsel claim should not be deemed a limited waiver of the attorney-client privilege in this case. Instead, Defendant seeks the appointment of counsel so that someone will be present on his behalf if the government interviews his former counsel, Ms. McGunn. But the Supreme Court has declined to establish a right to counsel for prisoners mounting collateral attacks upon their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And while the Court has the discretion to appoint counsel if "the interests of justice so require,"[2] 18 U.S.C. § 3006A(a)(2)(B), the Court does not find that to be the case here. Nor does the Court find that an evidentiary hearing is warranted. The issue of whether Defendant is entitled to the appointment of counsel or an evidentiary hearing may be revisited at a later stage of the proceeding if the need to do so arises.

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. The Court's previous order finding a limited waiver of the attorney-client privilege stands. **The government's response to Defendant's motion to vacate is now due on January 22, 2024, and Defendant's reply, if any, is due on February 12, 2024.**

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 13, 2023

---

[2] "When determining whether to appoint counsel as a matter of discretion, relevant factors generally include the type of case, the litigant's ability to represent himself, the complexity of the relevant legal and factual issues, and the potential merit of the litigant's claims." *See United States v. McDowell*, No. 21-4146, 2022 U.S. App. LEXIS 17227, at *5 (6th Cir. June 22, 2022).

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2023, by electronic and/or ordinary mail.

                                                s/Lisa Bartlett
                                                Case Manager